UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHARMAINE SAUNDERS,**

    **Plaintiff,**

v.                                         **Case No. 8:23-cv-2586-SDM-AAS**

**NEIGHBORHOOD RESTAURANT
PARTNERS, LLC,**

    **Defendant.**
_____/

## **ORDER**

Plaintiff Charmaine Saunders requests entry of clerk's default and default judgement against Defendant Neighborhood Restaurant Partners, LLC. (Doc. 6).

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The plaintiff filed her complaint against the defendant on November 13, 2023. (Doc. 1). The Broward County Sheriff's Office served a copy of the summons and complaint on the defendant's registered agent on November 28, 2023. (Doc. 5). This service is adequate under the relevant state and federal procedural rules. *See* Fed. R. Civ. P. 4(h)(1)(A), (e)(1) (stating service of process on corporations may be completed under "state law

1

for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"); FLA. STAT. § 48.062(2) (permitting process on behalf of a limited liability company in Florida to be served on its registered agent). The defendant's response to the plaintiff's complaint was due December 19, 2023. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (stating a defendant who does not waive timely service must serve an answer "within 21 days after being served with the summons and complaint."). To date, the defendant has not answered the plaintiff's complaint and has otherwise failed to plead or defend itself. Entry of clerk's default is thus warranted.

Under Rule 55 of the Federal Rules of Civil Procedure, there is "a two-step procedure for obtaining a default judgment." *Deforest v. Johnny Chisholm Glob. Events, LLC*, No. 3:08-cv-498, 2010 WL 1792094, *7 (N.D. Fla. May 4, 2010); *see also* Fed. R. Civ. P. 55(a), (b). First, the clerk must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Second, after a default is entered, the party must then apply to the court for a default judgment. *See* Fed. R. Civ. P. 55(b). As a result, "the clerk's entry of default must precede an application" for default judgment. *Deforest*, 2010 WL 1792094, at *7 (citation omitted). Here, as there has been no entry of clerk's default, the motion for entry of

default judgment is premature.

Accordingly, the plaintiff's motion for clerk's default and default judgment (Doc. 6) is **GRANTED in part and DENIED in part**:

(1) The plaintiff's request for entry of clerk's default is **GRANTED**, and the Clerk of Court is **DIRECTED** to enter default against the defendant.

(2) The plaintiff's request for entry of default judgment against the defendant is **DENIED without prejudice**.

**ORDERED** in Tampa, Florida on January 2, 2024.

*[signature]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

cc:

Charmaine Saunders
PO Box 93536
Lakeland, FL 33804