UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARMAINE SAUNDERS,

     Plaintiff,

v.                          CASE NO. 8:23-cv-2586-SDM-AAS

NEIGHBORHOOD RESTAURANT
PARTNERS,

     Defendant.

_____/

### ORDER

     Charmaine Saunders accuses Neighborhood Restaurant Partners of negligently failing to prevent several employees from "act[ing] outside of the scope of their employment" by drugging Saunders and assisting a patron to sexually assault Saunders.  After no timely response to the complaint appeared, the clerk entered a default (Doc. 8).  Saunders moves (Doc. 11) for a default judgment.  But Neighborhood Restaurant moves (Doc. 9) to vacate the default and argues that this action is barred by *res judicata*.

     Saunders has filed several actions premised on the alleged sexual assault, which occurred on July 27, 2021.  In addition to attempting an earlier action against Neighborhood Restaurant, Saunders has sued the person who allegedly assaulted Saunders, Saunders's own apartment complex, and the Lakeland Police Department. *Saunders v. Smith*, 8:23-cv-57-CEH-AAS (M.D. Fla.); *Saunders v. Breit MF Preserve at*

*Lakeland, LLC*, 8:22-cv-2542-CEH-JSS (M.D. Fla.); *Saunders v. Neighborhood Restaurant Partners*, 8:22-cv-2483-TPB-CPT (M.D. Fla.); *Saunders v. City of Lakeland, Florida*, 8:22-cv-2482-MSS-JSS (M.D. Fla.).  Orders in the actions against the person who allegedly assaulted Saunders and against Saunders's apartment complex have dismissed each action for failing to invoke subject matter jurisdiction, and an order in the earlier action against Neighborhood Restaurant grants summary judgment for Neighborhood Restaurant on all counts.

*Res judicata* bars an action (1) if in an earlier action a court of competent jurisdiction issued a final judgment on the merits, (2) if the parties in the present and the earlier action are the same, and (3) if "the prior and present causes of action are the same[,]" that is, if "the actions arise 'out of the same nucleus of operative fact, or [are] based upon the same factual predicate.'" *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003); *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296–97 (11th Cir. 2001).  In other words, *res judicata* prevents parties to an earlier action from "relitigating a cause of action that was or could have been raised in that action." *In re Piper Aircraft Corp.*, 244 F.3d at 1296 (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). Because an order in an earlier action, Doc. 97 in *Saunders v. Neighborhood Restaurant Partners*, 8:22-cv-2483-TPB-CPT (M.D. Fla.), grants summary judgment for Neighborhood Restaurant and because this action and the earlier action are based on "the same nucleus of operative fact" (the alleged sexual assault on July 27, 2021), the claims that Saunders asserts in this action are barred by *res judicata*.

- 2 -

For these reasons and because Neighborhood Restaurant establishes "good cause" to vacate the default, the motion (Doc. 9) to vacate the default is **GRANTED**.  The default (Doc. 8) is **VACATED**.  Saunders's pending motion (Doc. 11) for a default judgment is **DENIED**.  No later than **JANUARY 23, 2024**, Saunders must explain why an order should not dismiss this action.  The deadline by which Neighborhood Restaurant must respond to the complaint is **STAYED** pending Saunders's response to this order.

ORDERED in Tampa, Florida, on January 10, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE