UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARMAINE SAUNDERS,

    Plaintiff,

v.                                                   CASE NO. 8:23-cv-2586-SDM-AAS

NEIGHBORHOOD RESTAURANT
PARTNERS,

    Defendant.
_____/

**ORDER**

    Charmaine Saunders sues Neighborhood Restaurant Partners and alleges that several employees of an Applebee's restaurant owned by Neighborhood Restaurant assisted an Applebee's patron in sexually assaulting Saunders. This is Saunders's second action against Neighborhood Restaurant based on the alleged assault. An order in the earlier action (Doc. 97 in 8:22-cv-02483-TPB-CPT) grants summary judgment for Neighborhood Restaurant on each count of Saunders's complaint and directs the clerk to enter judgment for Neighborhood Restaurant and against Saunders. Less than a month later, Saunders filed this action against Neighborhood Restaurant. A January 10, 2024 order (Doc. 13) (1) observes that *res judicata* bars Saunders's claims, (2) vacates a clerk's default, and (3) directs Saunders to explain why an order should not dismiss this action. Saunders responds and moves (Doc. 16) for reconsideration.

*Res judicata* bars an action (1) if in an earlier action a court of competent jurisdiction issued a final judgment on the merits, (2) if the parties in the present and the earlier action are the same, and (3) if "the prior and present causes of action are the same[,]" that is, if "the actions arise 'out of the same nucleus of operative fact, or [are] based upon the same factual predicate.'" *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003); *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296–97 (11th Cir. 2001). Saunders cannot re-litigate a claim that she either asserted or could have asserted in an earlier action. *Maldonado v. U.S. Atty. Gen.*, 664 F.3d 1369 (11th Cir. 2011) (collecting cases); *In re Piper Aircraft Corp.*, 244 F.3d at 1296 (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). Because Saunders sued Neighborhood Restaurant in an earlier action and asserted claims premised on the same event (that is, the alleged assault) and because an order in the earlier action grants summary judgment for Neighborhood Restaurant, *res judicata* bars each claim that Saunders asserted or could have asserted against Neighborhood Restaurant.

Resisting this conclusion, Saunders argues that she attempts in this action different claims. In the earlier action, Saunders asserted, among other claims, several negligence claims. In this action, Saunders asserts, among other claims, a claim for negligence, a claim for "negligent hiring," and a claim for "negligent supervision." The claims in this action bear a striking similarity to the claims asserted in the earlier action, and Saunders could have asserted each claim in the earlier action. After incurring an adverse judgment, Saunders cannot re-litigate the action by tweaking a claim or a legal theory and re-filing the action.

Also, Saunders accuses Neighborhood Restaurant, several witnesses, and a lawyer of "misrepresent[ing] facts," "submit[ting] perjured documents," and "evidence tampering." The belief that a party engaged in misconduct in an earlier action offers no basis for a new action asserting the same or similar claims. In any event, the order in the earlier action that grants summary judgment against Saunders observes that a legal issue, not a factual issue, determined the result.

For these reasons and others stated in the January 10 order, Saunders's motion (Doc. 16) for reconsideration is **DENIED**. This action is **DISMISSED**. The clerk must close the case.

ORDERED in Tampa, Florida, on January 26, 2024.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE